**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TIMOTHY M. KUMP,

    Plaintiff,

CIVIL ACTION NO. 3:12-CV-72

(JUDGE CAPUTO)

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## MEMORANDUM

Presently before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff's Complaint. (Doc. 3.) In his Complaint, Plaintiff Timothy M. Kump alleges a claim for breach of contract as well as a claim for promissory estoppel and detrimental reliance arising from his dealings with his insurer, Defendant State Farm Fire and Casualty Company. State Farm has moved to dismiss the claim for promissory estoppel and detrimental reliance as a plaintiff cannot recover for such a claim where a contract is in operation. The Court finds that, since this action pertains fully to the contractual obligations between these two parties, the equitable claims Kump pleads are unavailable and they will be dismissed.

## BACKGROUND

Plaintiff Timothy M. Kump alleges the following in his Complaint. Kump, who resides in Towanda, Pennsylvania, has been insured by Defendant State Farm Fire and Casualty for the past thirty-two years. On January 31, 2010, a "temporary updated policy" was put into effect based on the recommendations of State Farm Agent Ken Leone. Specifically, the insurance coverage on Kump's dwelling was raised to $550,000 while the contents

coverage was raised to $1,500,000.  Kump also maintained a Personal Articles Policy with Defendant State Farm.

On April 24, 2010, Plaintiff "suffered a total loss of his home and all personal property due to a fire and theft at his home in Sheshequin Township, Bradford County, Pennsylvania."  (Compl. at ¶ 8, Doc. 1-1.)  Following the loss, on May 12, 2010, Kump received a declaration page for the Personal Articles Policy which greatly reduced the coverage available under the policy, specifically as to his coins and fine arts.  State Farm Agent Ken Leone, however, had visited Kump's home approximately four months before the fire and represented to Kump that his entire coin collection was covered by the policies.  Moreover, "Ken Leone, on multiple occasions between January 2010 and April, 2010, assured the plaintiff that his certified coins and artwork . . . were covered by his insurance either through the contents portion of his home owners policy or his Personal Articles Policy."  (*Id.* at ¶ 22.)  In particular, just prior to the fire, Leone assured Kump that fourteen specific listed coins would be covered under the policy.  However, while State Farm has paid for the value of the destroyed home, it has only partially paid for the contents, and for only some of the lost coins and artwork[1] pursuant to the Personal Articles Policy.  Kump

---

[1]These valuables include: (1) "sixty-one etchings by Rembrandt van Rign with a total value of $102,000.00"; (2) "One hundred Fifty-three etchings, and other mediums by Picasso with an appraised value of $3,118,650.00"; (3) "Thirty pieces of Frederick Elliot Hart sculptures including bases . . . with an appraised value of $619,800.00 for . . . twenty-one [of those] pieces"; (4) "Three hundred and one rare coins . . . including eight 'Stellas's['] from 1879 and 1880 . . . [which] alone range from $250,000.00 to $975,000.00 each"; (5) "Two hundred and one $1,000.00 bills"; (6) "Priceless historical written and printed documents and maps dating back hundreds of years to the revolutionary war period and civil war period"; (7) "Approximately $200,000.00 in United States currency in addition to the $1,000.00 bills listed above"; and (8) "Civil war memorabilia including guns, swords and other rare firearms."  (Compl. at ¶ 15, Doc. 1-1.)

avers that State Farm, due to its representations through its agent, is liable for "payment above and beyond the amounts listed in the subsequently prepared Declaration Page of the Personal Articles Policy" as well as for the value of "his additional fine arts including his Rembrandts, Picassos, and Frederick Hart Sculptures." (*Id.* at ¶¶ 25-26.)

Kump filed the instant action in the Court of Common Pleas of Bradford County, Pennsylvania on December 12, 2011. Count I of Kump's Complaint alleges breach of contract while Count II makes a claim from promissory estoppel and detrimental reliance. On January 11, 2012, State Farm removed the case to the Middle District of Pennsylvania and filed a Motion to Dismiss on January 18, 2011. State Farm first argues that the claim for attorney fees must be struck from Count I, and Kump concedes that such fees are not appropriate in a contract claim. State Farm further argues that Count II fails to state a valid claim for promissory estoppel or detrimental reliance under Pennsylvania law which does not allow such claims where a contract is in operation. The Defendant's Motion has been fully briefed and is ripe for the Court's review.

## DISCUSSION

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a

3

claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550

U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## II. Analysis

"Where there is no enforceable agreement between the parties because the agreement is not supported by consideration, the doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000) (citing Restatement (Second) of Contracts § 90(1)). Under Pennsylvania law, promissory estoppel requires that "(1) the promisor made a promise that he should have reasonably expected to induce action

or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." *Id.* Such reliance, however, must be "justifiable reliance." *Schnell v. Bank of New York Mellon*, --- F.Supp.2d ----,  Civ. Act. No. 11-601, 2011 WL 5865966 at *6 (E.D. Pa. Nov. 22, 2011) (citing *Thatcher's Drug Store v. Consol. Supermarkets, Inc.*, 636 A.2d 156, 160 (Pa. 1994)).  Thus, where an enforceable contract exists, courts have found that applying the doctrine of promissory estoppel would be inappropriate. *Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) ("Generally, this doctrine is invoked in situations where the formal requirements of contract formation have not been satisfied and where justice would be served by enforcing a promise.").

Similar to promissory estoppel,[2] unjust enrichment "is essentially an equitable doctrine" that also implies a contract and ultimately requires "the defendant to pay the plaintiff the value of the benefit conferred." *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999) (citations omitted).  Unjust enrichment specifically occurs where there are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Vives v. Rodriguez*, --- F.Supp.2d ----, Civ. Act. No. 09-2728, 2012 WL 298760 at *6 (E.D. Pa. Jan. 31, 2012) (quoting *Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa. Super. 2011)).

---

[2]In fact, courts have noted that "[d]etrimental reliance is another name for promissory estoppel." *KDH Electronic Systems, Inc. v. Curtis Technology Ltd.*, --- F.Supp.2d ----, Civ. Act. No. 08-2201, 2011 WL 5428644 at *11 (E.D. Pa. Nov. 04, 2011) (citing *Travers v. Cameron County School District*, 544 A.2d 547 (Pa. Commw. Ct. 1988)).

Moreover, "'the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract.'" *Farm Credit Leasing Servs. Corp. v. Ferguson Packaging Mach., Inc.*, Civ. Act. No. 07-1900, 2007 WL 4276841 at *10 (E.D. Pa. Dec. 3, 2007) (quoting *Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir. Pa. 1985)).

While the two doctrines outlined above are inapplicable in the face of an express contract, either "may be pled in the alternative to a breach of contract claim, although the finding of a valid contract would prevent a party from recovering for either quasi-contractual theory." *Comcast Spectacor L.P. v. Chubb & Son, Inc.*, CIV. A. 05-1507, 2006 WL 2302686 at *23 (E.D. Pa. Aug. 8, 2006). Therefore, where the parties cannot agree that such a contract exists, it would be improper to grant dismissal. *Integrated Waste Solutions, Inc. v. Goverdhanam*, CIV. A. 10-2155, 2010 WL 4910176 at *15 n.8 (E.D. Pa. Nov. 30, 2010). Here, however, dismissal of these equitable claims is appropriate as both parties acknowledge that a contract was in effect between them. Kump alleges in his Complaint that he has already recovered under the insurance contract, and explicitly "acknowledges that there was a contract for a personal articles policy." (Pl.'s Br. at 3, Doc. 8.) Yet, Kump founds his claim on the notion "that the defendant, unilaterally, after assuring the defendant that his coin collection and other valuables were insured, lowered the amount of coverage after the loss." (*Id.*) As such, Kump is not pleading in the alternative, but is instead seeking to enlist these equitable principles in construing the contractual obligations between the two parties. This is not permissible as "promissory estoppel claims should not be used to modify an enforceable contract." *Isobunkers, L.L.C. v. Easton Coach Co.*, CIV.A. 09-879, 2010 WL 547518 at *4 (E.D. Pa. Feb. 9, 2010); *Iversen Baking Co. v. Weston Foods*, 874

F. Supp. 96, 102 (E.D. Pa. 1995) (holding that promissory estoppel "is not designed to protect parties who do not adequately memorialize their contracts in writing."). Therefore, as this dispute is limited only to the contractual obligations of these two parties–specifically, to the coverage State Farm is required to provide–the Court finds that Kump cannot recover on these equitable principles and will dismiss Kump's equitable claims in Count II.

### III. CONCLUSION

As a contractual dispute, Plaintiff Timothy M. Kump's equitable claims set out in Count II are inapposite to the instant case as a matter of Pennsylvania law. Therefore, the Court will grant Defendant State Farm Fire and Casualty Company's Motion to Dismiss. Count II will be disposed of in its entirely, and the lawyers fees requested in Count I will be dismissed as both parties agree that such fees are not available for recovery in a contract dispute. An appropriate order follows.

| | |
|---|---|
| April 3, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |