# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY M. KUMP** : | |
| : | |
| **Plaintiff** | **CIVIL ACTION NO. 3:12-0072** |
| : | |
| v | **(JUDGE MANNION)** |
| : | |
| **STATE FARM FIRE & CASUALTY COMPANY** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

A fire, theft, and loss of millions of dollars of memorabilia, maps, documents, cash, rare coins, and artwork by the likes of Picasso and Rembrandt are the subject matter of this case. These valuable items were all allegedly owned and maintained by Timothy Kump in his private home. State Farm Fire & Casualty Company covered his residence and these many artifacts with two policies totaling nearly $2 million in coverage. In April 2010 Mr. Kump's home was burglarized and suffered a devastating fire. After the flames were quenched and the losses started to mount, State Farm began to question the authenticity of Mr. Kump's vast collection. To date, State Farm has denied coverage beyond the value of the home and some of his coins.

Last July, State Farm completed its investigation into Mr. Kump's claims regarding many of the pieces of art. That inquiry determined that neither Mr. Kump, nor any of the other individuals he identified, could authenticate the artwork he allegedly owned. Based on that investigation, State Farm denied

that part of his claim. Mr. Kump also alleges that State Farm agreed to cover several gold coins, valued at over $4.8 million alone, but has since rebuked that agreement.

Mr. Kump has recently filed a motion to file supplemental briefs based mainly on this investigation. (Doc. 32). The supplemental complaint contains five counts: two breach of express contracts claims, two breach of implied-in-fact contract claims, and one claim alleging the defendant breached its duty of good faith under 42 Pa. C.S.A. §8371. As the court finds the plaintiff's breach of contract claims are all adequately covered within his initial complaint and do not stem from events coming to light after it was filed, that part of the motion is **DENIED**. However, given that the plaintiff has alleged sufficient new facts in regard to his bad faith claim, the motion will be **GRANTED** as to that claim only.

I. **FACTUAL BACKGROUND**

The plaintiff, Timothy M. Kump, had a long-standing contractual relationship with the defendant, State Farm Fire & Casualty Company, that spanned over three decades. After a re-evaluation of his needs and review by one of the defendant's agents in early 2010, the plaintiff increased his insurance coverage to $550,000 for his home and $1.5 million for his personal possessions contained therein. (Doc. 1, p. 8). He also executed a Personal Articles Policy (PAP) with a coverage total of $435,000. A short time later, the

plaintiff allegedly notified the defendant that he wanted to include fourteen additional gold coins from his grandmother on this policy. The plaintiff claims the total value of these coins exceeded $4.8 million. (Id., p. 44). In addition to those coins, the plaintiff avers he owned the following items: sixty-one etchings by Rembrandt van Rign (valued at $102,000); one hundred and fifty-three pieces by Pablo Picasso (valued at $3,118,650); twenty-one documented Frederick Elliot Hart sculptures (valued at $619,000); three hundred and one rare coins (varying values); two hundred and one $1,000 bills; $200,000 in cash; various historical documents dating back to the Revolutionary War; and Civil War memorabilia including guns, swords, and rare firearms. Despite the fact the plaintiff alleges a collection in excess of $9 million, he only insured them for $1.5 million along with an additional $435,000 of PAP coverage.

In late April 2010, the plaintiff's home, laden with valuable art, artifacts, coins, and other items, was broken into. Many of his valuable materials were allegedly stolen. Those not stolen were destroyed by the fire that completely engulfed his home. It is unclear what items were taken by the thieves and what items were consumed by the flames. (Doc. 1, p. 2-7). There is nothing before the court to indicate who perpetrated this heist or whether any of the plaintiff's vast collection has been recovered by law enforcement.

After the plaintiff made a claim for his losses, the defendant paid $440,408 under the plaintiff's homeowner policy and $374,594.77 under his

PAP policy. The defendant then began an investigation into the authenticity of the plaintiff's artwork, specifically the paintings by Rembrandt and Picasso, and the sculptures by Frederick Hart, to determine their ownership and authenticity. The plaintiff submitted various documents and gave the defendant the names of seventeen individuals who could demonstrate his ownership of the artwork and the pieces' authenticity. (Doc. 32, Att. 5). During this inquiry that coincided with the filing of this lawsuit, the plaintiff now alleges that the defendant conducted a biased investigation, intimidated witnesses, failed to conduct appropriate legal research, made unreasonable interpretations of the policy, and ignored pieces of evidence. (Doc. 31, Att. 1). Ultimately, the defendant notified the plaintiff in early July 2013 that they were denying his claim as to the artwork. (Doc. 32, Att. 5).

## II. PROCEDURAL BACKGROUND

This case was initially commenced in the Pennsylvania Court of Common Pleas for Bradford County in early December 2010. The defendant removed the case to this court shortly thereafter. The original complaint contains two counts: breach of contract and promissory estoppel/detrimental reliance. (Doc. 1, Att. 1). The second count was dismissed by the court two years ago after the defendant filed a motion to dismiss. (Doc. 10). The final deadline for amended pleadings was February 11, 2013. (Doc. 22).

The plaintiff filed a motion to file a supplemental complaint and a brief

in support on March 11, 2014. (Doc. 32; 34). The defendant filed a brief in opposition approximately two weeks later. (Doc. 36). The plaintiff filed his reply brief one week after that. (Doc. 37). The motion is now ripe for the court's ruling.

**III.     STANDARD OF REVIEW**

The plaintiff's motion is brought pursuant to Federal Rule of Civil Procedure 15(d) which reads in relevant part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed.R.Civ.P. 15(d). Generally, leave to amend or to file supplemental briefs should be granted unless there is a showing of undue delay, bad faith, or futility. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)(citing *Foman v. Davis*, 371 U.S. 178 (1962)). The central inquiry should focus on the prejudice to the non-moving party, in this case, the defendant. *Id.* A two-year delay in filing leave to amend or supplement a complaint may require sufficient justification from the moving party. *Lindquist v. Buckingham Tp.*, 106 F.App'x 768, 775-76 (3d Cir. 2004).

## IV. DISCUSSION

### A. The Contract Claims

This case is over two years and five months old. When the plaintiff filed this action, he specifically claimed that he "entered into contracts of insurance . . . and the defendant refuses to comply with their contractual obligations." (Doc. 1, Att. 1). The "contracts" to which the plaintiff refers are the homeowners policy and the PAP policy, both of which are listed in his original complaint. (Id., ¶5 & 10). The plaintiff admits that these supplemental counts are not new causes of action. (Doc. 37, p. 1-2). Although his allegations are vague, the plaintiff has already sufficiently claimed that the defendant breached both the homeowner's policy and the PAP coverage. There are no transactions, occurrences, or events that happened after the date of the original complaint that would change the nature of the existing breach of contract claim. The court will not grant leave to supplement the breach of express contract claim.

In his original complaint, the plaintiff also included a claim of promissory estoppel and detrimental reliance as an alternative theory of recovery. As noted above, that count was dismissed over two years ago. (Doc. 10). The plaintiff now wishes to include two alternative claims, breach of contract implied-in-fact as to both the homeowner's policy and the PAP policy. Again, the plaintiff does not explain how events that occurred after the date of his original complaint brought these causes of action to light. Moreover, there is

6

nothing before the court to show that subsequent investigation uncovered these previously unknown claims. As the defendant notes, both parties have been engaged in discovery and trial preparation in regard to the lone-standing breach of express contract claim. (Doc. 36, p. 8).

It appears that the plaintiff, realizing that he could and possibly should have plead valid alternative theories of recovery, now wishes to use Rule 15(d) as a backdoor way of amending his complaint. Unless new facts or evidence come to light, a defendant is entitled to understand the parameters and claims proceeding to discovery and trial. This unjustified and unexplained two-year-and-four-month wait constitutes undue delay and does not support granting leave to file a supplemental complaint. *See Lindquist*, 106 F.App'x at 776 ("[G]iven the fact that this case had already been pending for two years and was ready for trial, we cannot say that the District Court abused its discretion in denying the [plaintiffs'] leave to amend."). The court will not grant the plaintiff's motion as to any of the additional contract claims.

### B. The Bad Faith Claim

The plaintiff further argues that the defendant's investigation into the ownership and authenticity of his artwork was conducted in bad faith. Specifically, he alleges a series of events including witness intimidation, a biased investigation, inadequate legal research, and unreasonable interpretations of the policies.

> 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (*quoting Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)). To succeed on a bad faith claim, a plaintiff must demonstrate "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Verdetto v. State Farm Fire & Cas. Co.*, 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011), *aff'd*, 2013 WL 175175 (3d Cir. Jan. 17, 2013) (*quoting Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)). "The broad language of [the Pennsylvania Bad Faith Statute] was designed to remedy all instances of bad faith conduct by an insurer, whether occurring before, during, or after litigation." *Thomer v. Allstate Ins. Co.*, 790 F.Supp.2d 360, 370 (E.D.Pa.2011)(*citing Bombar v. W. American Ins. Co.*, 932 A.2d 78, 92 (Pa.Super.2007). "Bad faith conduct also includes 'lack of good faith investigation into facts, and failure to communicate with the claimant.'" *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa.Super.2009) (*quoting Condio v. Erie Insurance Exchnage*, 899 A.2d 1136,

8

1142 (Pa.Super.2006)).

The plaintiff's central assertion is that the defendant's July 2013 letter denying coverage as to the paintings ripened his bad faith claim. The court agrees. The plaintiff's allegations contained in his proposed supplemental complaint are mostly events or occurrences that came to light after the original complaint was filed. Given the broad application of bad faith in Pennsylvania, it is appropriate to allow the plaintiff to file a supplemental pleading asserting this cause of action.

### IV. CONCLUSION

For those reasons, the plaintiff's motion is **DENIED IN PART** and **GRANTED IN PART**. The plaintiff will be granted leave to file a supplemental complaint only as to his bad faith claim. In all other respects, the motion is **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 28, 2014**